AO 93 (Rev. 11/13) Search and Seizure Warrant

AUSA: Eaton P. Brown    Telephone: (313) 226-9184
Special Agent: Adam Christensen, FBI    Telephone: (313) 426-3883

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

the cellular device assigned call number 734-881-5596

Case No. 19-mc-51690-2

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Michigan _____
*(Identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

> I hereby certify that the foregoing is a certified copy of the original on file in this office.
>
> Clerk, U.S. District Court
> Eastern District of Michigan
>
> By: _Eddrey O. Butts_
>       Deputy

**YOU ARE COMMANDED** to execute this warrant on or before _____ January 28, 2020 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _the presiding United States Magistrate Judge on duty_
                                                            *(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____

Date and time issued: January 15, 2020   10:11 am

*Judge's signature*

City and state: Detroit, Michigan

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 19-mc-51690-2 | Date and time warrant executed: 1/22/2020 10:00 AM | Copy of warrant and inventory left with: N/A |

Inventory made in the presence of: N/A

Inventory of the property taken and name of any person(s) seized:

USE OF CELL SITE SIMULATOR ON 1/22/2020 IN THE VICINITY OF 830 SHORT STREET, YPSILANTI, MICHIGAN

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 2/5/2020

Executing officer's signature

ADAM CHRISTENSEN   SPECIAL AGENT
Printed name and title

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number **(734) 881-5596**, whose wireless provider is AT&T who accepts legal process at 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: Andrew Joseph Vinyard is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; **(734) 881-5596** is the phone number to which the device is to be attached; and Title 18 U.S.C. §§ 2422(b) and 2251(a) are the offenses, or two of the offenses, to which information relates; and

The attorney for the government has certified to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the Federal Bureau of Investigation.

## ATTACHMENT B
### Particular Things to Be Seized with a Cell Site Simulator or Wi-Fi Geolocation Device

This Warrant authorizes the officers to whom it is directed to determine the location of the target cellular device by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to signals sent to it by the officers;

for a period of thirty (30) days, during all times of day and night. This includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the Federal Bureau of Investigation. Because the use of the device, a Cell Site Simulator or Wi-Fi geolocation device, may fall within the definitions of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes

all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

This warrant does not authorize the interception of any content (telephone, text message, or internet based). The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices

The Court finds reasonable necessity for use of the techniques and collection of information described. See 18 U.S.C. § 3103a(b)(2).

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2)

AO 93 (Rev. 11/13) Search and Seizure Warrant

AUSA: Eaton P. Brown    Telephone: (313) 226-9184
Special Agent: Adam Christensen, FBI    Telephone: (313) 426-3883

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
the cellular device assigned call number 734-881-5596

Case No. 19-mc-51690-2

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   Michigan
*(identify the person or describe the property to be searched and give its location):*

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See ATTACHMENT B.

I hereby certify that the foregoing is a certified copy of the original on file in this office.
Clerk, U.S. District Court
Eastern District of Michigan
By: *Eddrey O. Butts*
Deputy

YOU ARE COMMANDED to execute this warrant on or before   January 28, 2020   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the presiding United States Magistrate Judge on duty
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for 30 days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   January 15, 2020   10:11 am    *[signature]*
                                                               *Judge's signature*

City and state:   Detroit, Michigan      Hon. David R. Grand, U. S. Magistrate Judge
                                                       *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 19-mc-51690-2 | Date and time warrant executed: 1/15/2020  1:43PM | Copy of warrant and inventory left with: AT&T Global Legal Demands Center |

Inventory made in the presence of: N/A

Inventory of the property taken and name of any person(s) seized:

FILE ENTITLED AT-BAC.ZIP WHICH CONTAINED SUBSCRIBER INFORMATION, TOLL RECORDS FROM 11/1/2019 - 1/15/2020 AND GEOLOCATION DATA FROM 1/10/2020 - 1/15/2020

LIVE GEOLOCATION DATA FROM 1/16/2020 - 1/24/2020

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 2/5/2020

Executing officer's signature

ADAM CHRISTENSEN  SPECIAL AGENT
Printed name and title

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number **(734) 881-5596**, whose wireless provider is AT&T who accepts legal process at 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: Andrew Joseph Vinyard is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; **(734) 881-5596** is the phone number to which the device is to be attached; and Title 18 U.S.C. §§ 2422(b) and 2251(a) are the offenses, or two of the offenses, to which information relates; and

The attorney for the government has certified to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the Federal Bureau of Investigation.

## ATTACHMENT B
### Particular Things to Be Seized from Cell Phone Service Provider

1. Information about the target cell phone and its location, later referred to collectively as location information, include all precision location information, E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD, RTT, True Call, NELOS, or equivalent), and real time cell site information for 30 days, beginning from the date the warrant was issued. The information includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the service provider and the Federal Bureau of Investigation. Because the request for such location data may include use of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

2. To the extent that the information described is within the possession, custody, or control of the service provider, the service provider is required to disclose all location information to the government.

3. All subscriber, extended subscriber, handset information (including make and model), and WI-FI MAC address, as well as all technical assistance necessary to accomplish the collection of the location information unobtrusively and with as little interference as possible. This includes initiating a signal to determine the location of the target cell phone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times directed by the government.

4. Call detail records with cell site location information for voice, SMS, MMS, and data connections and per call measurement data (PCMD, RTT, True Call, NELOS, or equivalent) reports from November 1, 2019 to the date the search warrant is authorized. The government shall compensate the service provider for reasonable expenses incurred in furnishing such facilities or assistance. Any service provider or representative who gains access to the information in this warrant shall not disclose the existence of the warrant or investigation unless ordered to do so by the Court.

5. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).